OLIVER E. COPELAND *vs.* JAMES H. H. HEWETT, and others.

Knox.    Opinion August 12, 1902.

*Building Contract.  Committee.  Principal and Agent.  Specialty.  Parol Modification.  Waiver.  Oral Substituted Agreement.  R. S., c. 73, § 15.*

1. A written contract was signed by the defendants, with the words "Building Committee of the M. E. Church of Thomaston" after their names; it contained an express promise on their part to pay, without any statement in the contract itself that such promise was made for or in behalf of another, and no authority to bind another was shown.

*Held;* that it was the personal contract of the defendants.

2. Where a contract provides that neither party thereto shall have any claim for alterations or additions unless first particularly described in writing, and the valuation agreed upon, committed to writing, and signed by the parties before such alterations or additions are made, it is competent for either party to waive this provision intended for his benefit; and it is for the jury to determine from the evidence whether it in fact has been waived.

3. However evidenced, a contract remains in force until it is superseded by a later one inconsistent with it, and no longer; and one who has agreed that he will only contract in writing in a certain way does not preclude himself from making a parol bargain to change it.

4. The refusal to give a requested instruction, in itself a correct statement of the law, but which has already in substance been given in the charge of the presiding justice, affords no ground for exception.

5. To sustain exceptions it is not sufficient that an instruction may have been erroneous. The exceptions must contain within themselves sufficient to show that the excepting party was thereby prejudiced.

Exceptions by defendant.    Overruled.

Assumpsit on account annexed to recover $803.13 for the balance due on a building contract under seal, with parol modifications.

Following defendants' signatures to the contract were the words, —"Building Committee of M. E. Church of Thomaston;" and they contended that they executed the contract with the plaintiff as agent and as a committee of the church and not as principals.

The plea was the general issue.    Plaintiff had a verdict for $770.92.

The case is stated in the opinion.

*C. E. and A. S. Littlefield,* for plaintiff.

*D. N. Mortland and M. A. Johnson,* for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, J J.

POWERS, J. This is an action of assumpsit upon an account annexed for an alleged balance due upon a special contract to repair and make additions to a church building, and for extra work and materials.

The defendants contend that the contract was the contract of the Methodist Episcopal Church of Thomaston, and except to the ruling of the presiding justice that it was their personal contract. The principles of the common laws . as modified by R. S., c. 73, § 15, applicable to this question have been fully settled by this court, and require no further discussion here. *Sturdivant* v. *Hull,* 59 Maine, 172, 8 Am. Rep. 409; *Mellen* v. *Moore,* 68 Maine, 390, 28 Am. Rep. 77; *Simpson* v. *Garland,* 72 Maine, 40, 39 Am. Rep. 297; *Rendell* v. *Harriman,* 75 Maine, 497, 46 Am. Rep. 421; *McClure* v. *Livermore,* 78 Maine, 390. The contract purports to be made between the plaintiff and the building committee of the Methodist Episcopal Church of Thomaston, and is signed and sealed by the defendants with the words "Building Committee of M. E. Church of Thomaston," following their signatures. The intention of the parties is to be gathered from the whole instrument. It is not executed by the defendants in the name of their alleged principal, nor in their own names for such principal. If it was their intention to bind another, they have entirely omitted in the deed itself to use any apt words indicating such an intention. On the contrary, the Building Committee, "the said party of the second part, for themselves and their successors, do hereby agree to pay unto the said party of the first part, the sum of thirty-eight hundred dollars." If they were acting as agents their successors would not mean their principal. It must mean those who succeeded them in their office, who voluntarily took their places and assumed their obligations.

The use of these words cannot control or modify the express obligation into which they entered and the promise which they made "for themselves." Moreover, it nowhere appears that they had authority to bind another, an essential element in determining the intention of the parties. An intention to bind the defendants clearly appears upon the face of the contract; its mode of execution was such they may be bound, and it necessarily follows that it is their personal contract.

Defendants' second exception is to the admission of the testimony of certain witnesses, introduced by the plaintiff to prove an implied contract on the part of the defendants to pay for an item of extra work charged in the account annexed. So far as this exception is based upon that provision of the contract that no claim shall be had for alterations and additions, unless first particularly described in writing and the valuation thereof agreed upon, it is considered later on. Aside from that, it cannot be doubted that this testimony was competent; whether it was sufficient was for the jury to determine, and is not before us on exceptions.

The defendants requested the following instruction: "In order for the plaintiff to recover of these defendants the sums charged for extra work and materials he claims to have done and furnished, he must prove by a preponderance of evidence that the defendants employed the plaintiffs to do such work and furnish the materials for them, and not for the church or society, and that the defendants agreed to pay for the same, but the agreement to pay may result from the acts and understanding of the parties without express words."

This request was declined, but the instruction had already in substance been given in the charge. The jury were instructed that "the defendants having contracted personally for the building and repairing, whatever changes or additions might have been directed by them and performed by the plaintiff in connection with the work originally contracted for, it is for you to determine whether or not it was the understanding of both parties that as to those, the same liability to pay should exist as did exist under the original written contract. And if you find that those were ordered personally by the defendants

in the same manner as the contract was made, then for anything you find under the principles of law which I have and shall give you that the plaintiff is entitled to recover, you would be justified in finding against the defendants." This required the jury to find affirmatively that the extra work and materials were ordered personally by the defendants in the same manner as the contract was made, that is, in their own behalf, and furnished by the plaintiff with the understanding of both parties that, as to these items, the same liability should exist as did exist under the written contract in which the defendants had personally bound themselves to pay. It was as favorable a statement of the law as the defendants were entitled to. If one, having employed another to do a certain piece of work at a given price, personally order and direct additions to or changes in that work which involve extra labor, materials, and expense, the law implies a promise on his part to make compensation therefor. And the fact that by the instruction the jury were further required to find that it was the understanding of both parties that the defendants were to be liable for the additions and changes, the same as for the work originally contracted for, certainly imposed no additional burden upon the defendants.

The contract provided that neither party should have any claim for alterations or additions unless first particularly described in writing and the valuation agreed upon, committed to writing and signed by the parties, before such alterations or additions were made. The presiding justice declined to instruct the jury that no recovery could be had for alterations and additions in fact agreed upon by the parties unless the above provision of the contract was complied with, and instructed them that this provision was legal and binding, but it was competent for the parties notwithstanding this to agree verbally, the plaintiff to do a piece of work connected with the church, yet not called for by the contract or specifications, and the defendants to pay for it; that either of the parties might waive this provision intended for his benefit, and that it was for the jury to determine from the evidence in the case whether such a waiver was or was not made. Parties have a right to contract in any way they see fit, orally, by simple contract, or by specialty. When the statute of frauds is

not involved, the one form is as binding as the other; and however evidenced the contract remains in force until it is superseded by a later one inconsistent with it, and no longer. It does not stand with reason that parties can by contract preclude themselves from contracting in any particular way, that such a contract once entered into becomes an iron bond which the will of the parties is impotent to annul or modify. "One who has agreed that he will only contract by writing in a certain way does not preclude himself from making a parol bargain to change it; and there is no more force in an agreement in writing not to agree by parol, than in a parol agreement not to agree in writing." *The Westchester Fire Insurance Co.* v. *Earle,* 33 Mich. 143; *Chesapeake & Ohio Canal Co.* v. *Ray,* 101 U. S. 522; *Bartlett* v. *Stanchfield,* 148 Mass, 394, 2 L. R. A. 625. It is true that by the strict rule of the common law a contract under seal could not be modified or waived before breach by parol agreement, but the tendency of the decisions in the United States has been to apply the same rule to sealed instruments as to simple contracts. Vol. 28, page 539, Am. & Eng. Encl. of Law, 1st Ed., and cases there cited. And in any event the agreement claimed by the plaintiff was fully executed and therefore valid. *Haynes* v. *Fuller,* 40 Maine, 162.

Finally, the defendants except to certain portions of the judge's charge, but this exception is not accompanied by any statement of fact or any evidence whatsoever. There is no agreement that the recitals in the charge are to be taken as evidence. There is nothing to show that the instructions excepted to are prejudicial to the defendants. It is not sufficient that as abstract principles of law they may have been erroneous. The exceptions must contain enough to show that the excepting party was thereby prejudiced.

On all the defendants' contentions the entry must be,

*Exceptions overruled.*